JOHN T. HAYS, III
P.O. Box 1855
Honolulu, HI 96805-1855
Telephone: (808) 754-0780
Email: johnthaysiii@gmail.com

Plaintiff Pro Se

ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

DEC 23 2015

at 1 o'clock and 56 min. P.M.
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JOHN T. HAYS, III, ) | CIVIL NO. CV15 00535 LEK RLP |
| ) | |
| Plaintiff, ) | COMPLAINT; DEMAND |
| ) | FOR JURY TRIAL; |
| v. ) | SUMMONS |
| ) | |
| VDF FUTURECEUTICALS, INC., ) | |
| R.J. VAN DRUNEN & SONS, INC., ) | |
| AND VAN DRUNEN FARMS, ) | |
| CORP, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

COMPLAINT

COMES NOW Plaintiff JOHN T. HAYS, (hereinafter "HAYS") and for a cause of action against Defendants VDF FUTURECEUTICALS, Inc., (hereinafter "VDF"), R.J. VAN DRUNEN & SONS, Inc., (hereinafter "VAN DRUNEN"), and VAN DRUNEN FARMS, Corp, (hereinafter "FARMS") and alleges and avers as follows:

1. Plaintiff JOHN T. HAYS, III, is and was at all time mentioned herein a resident of the City and County of Honolulu, State of Hawaii.

2. Defendant VDF FUTURECEUTICALS, INC., is an Illinois corporation.

3. Defendant R.J. VAN DRUNEN & SONS, INC., is an Illinois Corporation.

4. Defendant VAN DRUNEN FARMS, Corp., is an Illinois Corporation.

## STATEMENT OF FACTS

5. In the year 2000, Plaintiff HAYS and Dr. Dusan Miljkovic (hereinafter "Miljkovic"), met with Jeffrey Van Drunen, the CEO of the Defendants. The meeting took place at the Ala Moana Hotel in Honolulu, Hawaii.

6. Plaintiff HAYS shared confidentially with Jeffrey Van Drunen certain research that he and Miljkovic were doing related to by products and derivatives from coffee and coffee pulp.

7. Thereafter, Plaintiff HAYS provided written materials on a "proprietary" and "strictly confidential" basis to Defendants regarding research on antioxidants in coffee pulp which had been done at the direction of Plaintiff HAYS.

8. The information about coffee pulp by products was shared upon a confidential and non-circumvent basis for the mutual benefit only of Plaintiff HAYS and the Defendants. All information provided was marked as being provided on a confidential non-circumvent basis.

9. Plaintiff HAYS has learned that the Defendants have obtained at least six (6) United States patents for coffee by products and derivatives of coffee pulp using the research that was provided to the Defendants on a strictly confidential and non-circumvent basis as aforesaid.

10. Plaintiff HAYS has received no benefit from the information provided.

11. Allowing Defendants to retain all of the income and benefits from the use of confidential information provided by Plaintiff HAYS will result in their unjust enrichment.

12. Plaintiff is without an adequate remedy at law.

## EQUITABLE RELIEF

13. Plaintiff is entitled to a declaration of constructive trust upon the income derived by Defendants from the confidential information provided by Plaintiff as aforesaid.

14. Plaintiff HAYS is entitled to damages to be proven at trial for the unauthorized use of the confidential information.

WHEREFORE, Plaintiff prays that a judgment be entered in his favor declaring a constructive trust of income from the confidential information provided as aforesaid and the profits from the sales made of products developed using the confidential information provided by Plaintiff HAYS; and for an award

of such damages as a jury may award to Plaintiff HAYS for profits from the use of the confidential information provided, and for such other and further relief as is appropriate.

DATED: Honolulu, Hawaii, December 23, 2015.

_____
JOHN L. HAYS, III
Plaintiff Pro Se