IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JOHN T. HAYS, III, | ) CIVIL 15-00535 LEK-RLP |
| Plaintiff, | ) |
| vs. | ) |
| VDF FUTURECEUTICALS, INC., R.J. VAN DRUNEN & SONS, INC., AND VAN DRUNEN FARMS, CORP, | ) |
| Defendants. | ) |

**ORDER GRANTING IN PART AND DENYING IN PART**
**DEFENDANTS' RULE 12(B)(6) MOTION TO DISMISS**

On June 13, 2016, Defendants VDF FutureCeuticals, Inc. ("VDF FC"), R.J. Van Drunen & Sons, Inc. ("Van Drunen & Sons"), and Van Drunen Farms ("VDF," all collectively, "Defendants") filed their Rule 12(b)(6) Motion to Dismiss ("Motion").[1] [Dkt. no. 13.]  Pro se Plaintiff John T. Hays, III ("Plaintiff") filed his memorandum in opposition on August 1, 2016, and Defendants filed their reply on August 8, 2016.  [Dkt. nos. 21, 22.]  On August 15, 2016, this Court issued an entering order finding this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules"). [Dkt. no. 23.]  After careful consideration of the Motion,

---

[1] Defendants state: "No entity called Van Drunen Farms, Corp. exists, and accordingly, this defendant is erroneously named."  [Mem. in Supp. of Motion at 2 n.1.]

supporting and opposing memoranda, and the relevant legal authority, Defendants' Motion is HEREBY GRANTED IN PART AND DENIED IN PART for the reasons set forth below.

## BACKGROUND

Plaintiff filed his Complaint on December 23, 2015. According to the Complaint, Plaintiff and Dr. Dusan Miljkovic ("Dr. Miljkovic") met with Jeffrey Van Drunen ("Van Drunen"), Defendants' chief executive officer ("CEO"), in 2000. Plaintiff shared with Van Drunen "certain research that he and [Dr.] Miljkovic were doing related to by products and derivatives from coffee and coffee pulp," and Plaintiff provided Defendants with "written materials . . . regarding research on antioxidants in coffee pulp which had been done at" Plaintiff's direction. [Complaint at ¶¶ 6-7.] Plaintiff states that he provided the materials to Defendants "on a 'proprietary' and 'strictly confidential' basis," and that all materials were clearly marked as such. [Id. at ¶¶ 7-8.] At an unspecified time, Plaintiff learned that Defendants obtained at least six United States patents for "coffee by products [sic] and derivatives of coffee pulp" using the research Plaintiff provided them. [Id. at ¶ 9.]

Plaintiff states that he has received no benefit from the information that he provided to Defendants, and the Complaint asserts that Defendants have been unjustly enriched because they have retained all of the income and benefits from the use of the

confidential information Plaintiff provided them. [Id. at ¶¶ 10-11.] He seeks the imposition of a constructive trust on the income that Defendants are deriving from the confidential information that Plaintiff provided them, as well as damages for the unauthorized use of the confidential information. [Id. at ¶¶ 13-14.]

In the instant Motion, Defendants ask this Court to dismiss Plaintiff's Complaint with prejudice because: 1) his unjust enrichment claim is preempted by the Hawai`i Uniform Trade Secrets Act ("HUTSA"), Haw. Rev. Stat. Chapter 482B; 2) any HUTSA claim Plaintiff had is now barred by the three-year statute of limitations; 3) even if HUTSA does not preempt Plaintiff's unjust enrichment claim, it is barred by either the laches doctrine or the six-year statute of limitations applicable to unjust enrichment claims; and 4) even if Plaintiff's unjust enrichment claim is not time-barred, Plaintiff fails to state a plausible claim for relief.  Defendants therefore ask this Court to dismiss Plaintiff's Complaint, with prejudice, pursuant to Fed. R. Civ. P. 12(b)(6).

## DISCUSSION

I. **Preemption of Plaintiff's Unjust Enrichment Claim**

In response to certified questions from this district court, the Hawai`i Supreme Court held that "the HUTSA preempts non-contract, civil claims based on the improper acquisition,

disclosure or use of confidential and/or commercially valuable information that does not rise to the level of a statutorily-defined trade secret." BlueEarth Biofuels, LLC v. Hawaiian Elec. Co., 123 Hawai`i 314, 327, 235 P.3d 310, 323 (2010).  The Hawai`i Supreme Court also held that, because it is not necessary for a court to find that the allegedly misused information was a trade secret, it can conduct the preemption analysis at the motion to dismiss stage.  Id.

After the Hawai`i Supreme Court answered the certified questions, this district court granted the defendants' motion to dismiss the plaintiffs' unjust enrichment claim because, although the plaintiffs argued that the claim was not based upon the unlawful retention of trade secrets or other confidential information, the district court found that there were "insufficient facts to state a claim for relief that is plausible on its face — Plaintiffs have not stated what precisely it conferred upon the . . . Defendants which they unlawfully retained."  BlueEarth Biofuels, LLC v. Hawaiian Elec. Co., 780 F. Supp. 2d 1061, 1073 (D. Hawai`i 2011).

In the instant case, the only basis for Plaintiff's unjust enrichment claim is the allegedly improper use of the confidential information and research that Plaintiff provided to Defendants.  Thus, Plaintiff's unjust enrichment claim is a non-contract, civil claim that alleges the improper use of

4

"confidential and/or commercially valuable information," and this Court CONCLUDES that the claim is preempted by the HUTSA. This Court therefore DISMISSES Plaintiff's unjust enrichment claim because it fails to state a claim upon which relief can be granted. See Fed. R. Civ. P. 12(b)(6).

Defendants' Motion gave Plaintiff notice of this defect in his unjust enrichment claim, and there is no indication in either the Complaint or Plaintiff's memorandum in opposition that it would be possible for him to amend his unjust enrichment claim to allege that he conferred on Defendants – and they unlawfully retained – other benefits besides the confidential information described in the Complaint. This Court therefore CONCLUDES that it is absolutely clear that no amendment can cure the defect in Plaintiff's unjust enrichment claim. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) ("Unless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action."). The dismissal of Plaintiff's unjust enrichment claim is WITH PREJUDICE, in other words, Plaintiff cannot amend his unjust enrichment claim in this case.[2]

---

[2] In light of the fact that this Court has dismissed Plaintiff's unjust enrichment claim with prejudice, this Court does not need to address Defendants' alternate arguments that:
(continued...)

**II. HUTSA Claim**

This Court must liberally construe Plaintiff's pleadings because he is proceeding pro se. See, e.g., Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants." (citing Boag v. MacDougall, 454 U.S. 364, 365, 102 S. Ct. 700, 701, 70 L. Ed. 2d 551 (1982) (per curiam))).  This Court will therefore liberally construe Plaintiff's Complaint as alleging a HUTSA claim that Defendants' improper use of the confidential information and research that Plaintiff provided to them in 2000 constitutes misappropriation of trade secrets.  Defendants argue that, even so construed, Plaintiff's claim still fails as a matter of law because he failed to file it within applicable statute of limitations period.

> A claim may be dismissed under [Fed. R. Civ. P.] 12 as "barred by the applicable statute of limitations only when the running of the statute is apparent on the face of the complaint," and "only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." Rundgren v. Bank of New York Mellon, 777 F. Supp. 2d 1224, 1227 (D. Haw. 2011) (internal quotation marks and citations omitted).

---

²(...continued)
Plaintiff's unjust enrichment claim is barred by either the laches doctrine or the applicable statute of limitations; and that the claim fails to state a plausible claim for relief.

Moddha Interactive, Inc. v. Philips Elec. N. Am. Corp., 92 F. Supp. 3d 982, 995 (D. Hawai`i 2015), *aff'd sub nom.*, No. 2015-2048, 2016 WL 3227326 (Fed. Cir. June 13, 2016). Under HUTSA, "[a]n action for misappropriation must be brought within three years after the misappropriation is discovered or by the exercise of reasonable diligence should have been discovered. For the purposes of this section, a continuing misappropriation constitutes a single claim." Haw. Rev. Stat. § 482B-7.

As to when the § 482B-7 statute of limitations period begins to run, this district court has stated:

> Under California's discovery rule, a suspicion of wrongdoing will trigger the statute of limitations. Gabriel Techs. Corp. v. Qualcomm Inc., 857 F. Supp. 2d 997, 1003 (S.D. Cal. 2012). Hawaii case law follows California precedent regarding the application of the discovery rule. See Ass'n of Apartment Owners of Newtown Meadows v. Venture 15, Inc., 115 Hawai`i 232, 167 P.3d 225, 274 (2007) (quoting Jolly v. Eli Lilly & Co., 44 Cal. 3d 1103, 245 Cal. Rptr. 658, 751 P.2d 923, 928 (1988)) (applying the "suspicion of wrongdoing" standard from California law). A plaintiff has reason to discover a cause of action when he or she "has reason at least to suspect a factual basis for its elements." Fox v. Ethicon Endo-Surgery, Inc., 35 Cal. 4th 797, 27 Cal. Rptr. 3d 661, 110 P.3d 914, 920 (2005). "[T]he misappropriation that triggers the running of the statute is that which the plaintiff suspects, not that which may or may not actually exist." Cypress Semiconductor Corp. v. Super. Ct., 163 Cal. App. 4th 575, 586, 77 Cal. Rptr. 3d 685 (Cal. Ct. App. 2008). Consequently, "[w]hen there is reason to suspect that a trade secret has been misappropriated, and a reasonable investigation would produce facts sufficient to confirm this suspicion (and justify bringing suit), the

>   >   limitations period begins, even though the
>   >   plaintiff has not conducted such an
>   >   investigation." Gabriel Techs. Corp., 857 F.
>   >   Supp. 2d at 1003. Indeed, the law is clear that
>   >
>   >   >   Once the plaintiff has a suspicion of
>   >   >   wrongdoing, and therefore an incentive to
>   >   >   sue, she must decide whether to file suit or
>   >   >   sit on her rights. So long as a suspicion
>   >   >   exists, it is clear that the plaintiff must
>   >   >   go find the facts; she cannot wait for the
>   >   >   facts to find her.
>   >
>   >   Jolly v. Eli Lilly & Co., 44 Cal. 3d 1103, 245
>   >   Cal. Rptr. 658, 751 P.2d 923, 928 (1988).

Moddha Interactive, 92 F. Supp. 3d at 993 (alterations in Moddha Interactive). In the instant case, Plaintiff argues that his claim is timely because he did not discover the misappropriation until he learned about the Kona Red company on December 29, 2013, spoke to its CEO, and discovered Defendants' patents in 2014. [Mem. in Opp. at 1-2.]

### A. Scope of Materials Considered

Both Defendants and Plaintiff ask this Court to consider materials outside of the pleadings in ruling on the issue of whether Plaintiff's HUTSA claim is timely. Defendants submitted the following documents: two patents issued to VDF FC in October 2010; [Motion, Exhs. 2-3;] two patent applications to the World Intellectual Property Organization, published in November 2004; [id., Exhs. 4-5;] and two United States Patent Application Publications, published in November 2006 [id., Exhs. 6-7]. Defendants ask this Court to take judicial notice of these

documents.  [Mem. in Supp. of Motion at 8.]

Plaintiff submitted the following documents: a letter dated July 5, 2003 to Van Drunen and Dr. Miljkovic from Plaintiff, as president of Ikatu Coffee; [Mem. in Opp., Decl. of John T. Hays, III, Exh. 1;] a memorandum dated October 29, 2003 to Van Drunen from Plaintiff, regarding "Coffee Pulp FutureCeutical Project"; [id., Exh. 2 at 1;] and a memorandum dated November 12, 2003 to Van Drunen from Plaintiff, regarding "Coffee Pulp FutureCeutical Marketing Plan" [id. at 9].[3]  The Court will refer to these collectively as "Plaintiff's Letters."

As a general rule, this Court's scope of review in considering a motion to dismiss is limited to the allegations in the complaint.  See Daniels-Hall v. Nat'l Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010).  "[A] court may consider evidence on which the complaint necessarily relies if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion."  Id. (citations and internal quotation marks omitted).  In addition, the court may consider documents attached to the complaint and matters that are

---

[3] Plaintiff's Exhibit 2 consists of both the October 29, 2003 memorandum and the November 12, 2003 memorandum.  Because the exhibit is not consecutively paginated, the citations to Exhibit 2 refer to the page numbers in the district court's electronic case filing system.

subject to judicial notice.  Consideration of any other types of material requires the court to convert the motion to dismiss to a motion for summary judgment.  Hawaii Reg'l Council of Carpenters v. Yoshimura, Civ. No. 16-00198 ACK-KSC, 2016 WL 4745169, at *2 (D. Hawai`i Sept. 12, 2016) (quoting United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003)).

A court may take judicial notice of "a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b)(2).  "A court may take judicial notice of 'records and reports of administrative bodies.'"  Balance Studio, Inc. v. Cybernet Entm't, LLC, Case No. 15-cv-04038-DMR, 2016 WL 1559745, at *1 n.2 (N.D. Cal. Apr. 18, 2016) (quoting Mack v. S. Bay Beer Distrib., 798 F.2d 1279, 1282 (9th Cir. 1986)).  In Balance Studio, the district court noted that the plaintiff did not object to the defendant's request for judicial notice, and it took judicial notice of the submitted United States Patent & Trademark Office ("USPTO") records.  Id. (citing Oroamerica Inc. v. D&W Jewelry Co., Inc., 10 Fed. Appx. 516, 517 n.4 (9th Cir. 2001) (taking judicial notice of USPTO registration certificates, patent file history, and patent application materials)).

In the instant case, Plaintiff does not object to Defendants' request that this Court take judicial notice of

Exhibits 2 through 7.  In fact, he argues that Defendants' Exhibits 2 through 7 support his position.  [Mem. in Opp. at 2.]  Because Plaintiff does not object and because Defendants' Exhibits 2 through 7 are records of administrative bodies, this Court GRANTS Defendants' request and takes judicial notice of the patent records presented in Exhibits 2 through 7.[4]  In addition, Plaintiff refers generally to the patents in the Complaint.  [Complaint at ¶ 9.]  For these reasons, this Court CONCLUDES that it can consider Defendants' Exhibits 2 through 7 in ruling on the Motion without converting the Motion into a motion for summary judgment.

In contrast, this Court cannot determine "from sources whose accuracy cannot reasonably be questioned" whether Plaintiff actually sent Plaintiff's Letters to the intended recipients, on or around the date on the letters.  This Court therefore concludes that Plaintiff's Letters are not subject to judicial notice.  Further, because Plaintiff's Letters are neither attached to nor referred to in the Complaint, this Court CONCLUDES that it cannot consider Plaintiff's Letters without converting the instant Motion into a motion for summary judgment.  This Court declines do so and therefore will not consider

---

[4] This Court emphasizes that, although it takes judicial notice of the existence of the records in Defendant's Exhibits 2 through 7 and their contents, it does not make any findings regarding the truth or accuracy of the records' contents.

Plaintiff's Letters in ruling on the instant Motion.

>    **B.**    **When Plaintiff's Claim Accrued**

"The United States Supreme Court has stated that issuance of patents and recordation with the [US]PTO constitute notice to the world of their existence." Wang v. Palo Alto Networks, Inc., No. C 12-05579 WHA, 2014 WL 1410346, at *5 (N.D. Cal. Apr. 11, 2014) (citing Sontag Chain Stores Co. Ltd. v. Nat'l Nut Co. of California, 310 U.S. 281, 295 (1940) (dictum)).

United States Patent Number US 7,807,205 B2, issued October 5, 2010 ("'205 Patent"), lists the inventors as Dusan Miljkovic, Brad Duell, and Vukosava Miljkovic. The abstract of the '205 Patent states: "Methods are provided for isolating a nutrient from coffee cherries or for producing a food product that comprises a coffee cherry or portion thereof." [Motion, Exh. 2 at 1 (citation omitted).] United States Patent Number US 7,815,959 B2, issued October 19, 2010 ("'959 Patent"), lists the same three inventors. The abstract of the '959 Patent states: "A coffee cherry is harvested, preferably in a sub-ripe state, and quick-dried to provide a basis for numerous nutritional products." [Id., Exh. 3 at 1.]  Plaintiff's HUTSA claim is based on the allegedly improper use of his confidential information to obtain patents, [Complaint at ¶ 9,] and the publication of the '205 Patent and the '959 Patent in October 2010 constituted notice to the world – including Plaintiff – of their existence.

Further, the Complaint alleges that Plaintiff and Dr. Miljkovic met with Van Drunen in 2000 and Plaintiff shared with Van Drunen research that he and Dr. Miljkovic were doing with "by products [sic] and derivatives from coffee and coffee pulp." [Id. at ¶¶ 5-6.] This Court finds that the alleged sharing of information in 2000, combined with the notice of the '205 Patent and the '959 Patent in 2010, were sufficient for Plaintiff "at least to suspect a factual basis for [the] elements" of his HUTSA claim.[5] See Fox, 110 P.3d at 920. Further, this Court finds that a reasonable investigation after the publication of the '205 Patent and the '959 Patent in October 2010 would have produced the alleged facts that Plaintiff currently relies upon to support his HUTSA claim. This Court therefore CONCLUDES that the statute of limitations on Plaintiff's HUTSA claim began to run when the patents were issued in October 2010, even though Plaintiff apparently did not conduct his investigation at that time. See Gabriel Techs. Corp., 857 F. Supp. 2d at 1003.

Plaintiff failed to file his HUTSA claim within the three-year statute of limitations period specified in Haw. Rev. Stat. § 482B-7 because he did not file the Complaint until December 23, 2015. This Court CONCLUDES that Plaintiff's HUTSA

---

[5] This Court does not need to address whether the statute of limitations period began to run at an earlier point, such as when the patent applications were published.

claim is untimely, and that there are no factual allegations in the Complaint that would support tolling of the statute of limitations.  This Court therefore GRANTS Defendant's Motion insofar as this Court DISMISSES Plaintiff's HUTSA claim.

However, as stated, *supra*, this Court cannot dismiss Plaintiff's claim with prejudice unless it is absolutely clear that no amendment can cure the defects in the claim.  See Lucas, 66 F.3d at 248.  This Court CONCLUDES that is arguably possible for Plaintiff to amend his HUTSA claim to plead a factual basis for tolling of the statute of limitations – including, but not limited to, equitable tolling.  See, e.g., Eager v. Honolulu Police Dep't, CIVIL NO. 15-00098 JMS-KSC, 2016 WL 471282, at *8 (D. Hawai`i Feb. 4, 2016) (describing the requirements to establish equitable tolling under Hawai`i law).  This Court therefore DENIES Defendant's Motion to the extent that Defendants ask this Court to dismiss Plaintiff's HUTSA claim with prejudice. The dismissal of Plaintiff's HUTSA claim is WITHOUT PREJUDICE.

### C. **Leave to Amend**

Insofar as the dismissal of Plaintiff's HUTSA claim is without prejudice, this Court will allow Plaintiff to file a motion for leave to file an amended complaint.  Plaintiff must attach his proposed amended complaint to the motion for leave to file.  See Local Rule LR10.3 ("Any party filing or moving to file an amended complaint . . . shall reproduce the entire pleading as

amended and may not incorporate any part of a prior pleading by reference, except with leave of court."). This Court ORDERS Plaintiff to file his motion for leave to file an amended complaint by **November 28, 2016**. The motion will be referred to the magistrate judge.

This Court CAUTIONS Plaintiff that his proposed amended complaint must state **all of the facts and all of the legal theories that his HUTSA claim relies upon**. Plaintiff cannot rely upon or incorporate by reference any portion of his original Complaint. **This Court will not consider Plaintiff's amended complaint collectively with his prior filings in this case**.

This Court also CAUTIONS Plaintiff that, if he fails to file his motion for leave to file an amended complaint by **November 28, 2016**, the HUTSA claim that this Court dismissed without prejudice in this Order will be dismissed with prejudice, and this Court will direct the Clerk's Office to issue the final judgment and close the case. In other words, Plaintiff would have no remaining claims in this case, and his lawsuit would be over. Further, this Court CAUTIONS Plaintiff that, even if the magistrate allows Plaintiff to file his proposed amended complaint, this Court may still dismiss the amended complaint with prejudice if it fails to cure the defects identified in this Order.

## CONCLUSION

On the basis of the foregoing, Defendants' Rule 12(b)(6) Motion to Dismiss, filed June 13, 2016, is HEREBY GRANTED IN PART AND DENIED IN PART.  Defendants' Motion is GRANTED insofar as: Plaintiff's unjust enrichment claim is HEREBY DISMISSED WITH PREJUDICE; and Plaintiff's Hawai`i Uniform Trade Secrets Act claim is HEREBY DISMISSED.  Defendants' Motion is DENIED insofar as the dismissal of the HUTSA claim is WITHOUT PREJUDICE.

Plaintiff must file his motion for leave to file an amended complaint by **November 28, 2016**, and the motion must comply with the rulings in this Order.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, September 28, 2016.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**JOHN T. HAYS, III VS. VDF FUTURECEUTICALS, INC., ET AL; CIVIL 15-00535 LEK-RLP; ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' RULE 12(B)(6) MOTION TO DISMISS**